Ritter and Clark v. Merseles.

---

## CASPER RITTER AND GARRET D. CLARK v. JACOB M. MERSELES.

It is not a ground to amerce a sheriff that he hath not returned an execution according to law. A notice of amercement must state a legal ground of amercement specifically, and with the same certainty as is required in a declaration. And a notice of amercement "for not having returned said execution according to law, and for neglect of duty by you in relation to said execution," is insufficient.

This was a motion to amerce Jacob M. Merseles, late sheriff of Hudson, in the amount of the debt and costs in an execution that had been placed in his hands.

POTTS, J. This is a rule to show cause why judgment of amercement should not be entered against the sheriff of Hudson for failing to execute a writ of execution placed in his hands at the suit of the above named plaintiffs against Garret Day.

The notice of amercement served upon the sheriff, assigns the following cause, to wit: "For not having returned said execution according to law, and for neglect of duty by you in relation to said execution, after the same was placed in your hands to be proceeded thereon as therein directed."

The only question necessary to consider is whether this notice is good in substance.

The act concerning sheriffs, *Rev. St.* 833, sec. 22, declares specifically what shall be good cause upon which to amerce the sheriff. It provides, " that if any sheriff or coroner shall neglect or refuse to execute any writ of execution to him directed, and which hath or shall come to his hands, or where the execution shall be by *fieri facias*, shall neglect to file a just and true inventory of the goods and chattels, lands and tenements so taken in execution, unless such sheriff or coroner return that he hath levied to the value of the debt or damages and costs, or shall voluntarily or negligently omit for the space of two months, rendering to the plaintiff, &c., the money which he shall have received from the sale of the estate, real and personal, of the defendant, or otherwise he shall be amerced in the value of the debt or damages and costs, to and for the use of the said plaintiff."

In the case of *Merseles, Sh'ff*, ads. *Stryker*, 4 *Zab.*, 542, it was held that inasmuch as the statutory notice of amercement comes in the place, and performs the office of the declaration in an action at common law against the sheriff, it should set out with the same *certainty*, though not necessarily with the same formality, the cause of complaint, as is required in the declaration itself. For the sheriff has a right to know distinctly what he is called upon to answer, in a proceeding which involves consequences of so serious a nature. The cause set out, too, must be one for which he is liable to be amerced by the terms of the statute.

Now the statute does not say that a sheriff shall be amerced for not returning an execution according to law. If that is the whole amount of his default, it would be a grievous hardship to mulct him in the whole amount mentioned in the writ, by way of damages; and if there is any other default it should be stated. The nineteenth section of the practice act, *Rev. St.* 931, which was cited to support the idea that a simple failure to return the execution is sufficient cause for amercement, has reference to mesne process, and not process of execution, as is quite manifest from the fact that the

amercement there provided for is not for the value of the debt or damages and costs absolutely, as is the case on amercement on execution, but is merely in a discretionary sum *not exceeding* the plaintiff's debt or demand.

Then again, the next specification of cause in the notice, to wit : " For neglect of duty by you in relation to said execution after the same was placed in your hands," is bad for want of certainty. What neglect of duty ? Neglect to execute the writ ? to file a just and true inventory ? neglect to render the money raised to the plaintiff within two months ? or what ? Is it any neglect for which the sheriff may be amerced ? The notice does not say so, and so far as this general specification goes to inform the sheriff what particular default he is charged with, it might as well have been omitted as inserted.

I am of opinion that this notice is not sufficient, and that the rule must be discharged.